IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                    CRIMINAL CASE NO.: 4:21-CR-35-SA-JMV

DAVION HUNTER                                                                                    DEFENDANT

ORDER

Now before the Court is Davion Hunter's *pro se* Motion to Reduce Sentence [81]. The Government opposes the requested relief. Having reviewed the filings and the applicable authorities, the Court is prepared to rule.

*Background*

On May 7, 2021, Hunter was charged in a multi-count Indictment [1]. He ultimately pled guilty to two counts—distribution of fentanyl (Count Nine) and possession of a firearm in relation to a drug trafficking crime (Count Ten). *See* [43]. Hunter was sentenced on May 17, 2022, at which time the Court sentenced him to serve a term of imprisonment of 117 months (57 months on Count Nine and 60 months on Count Ten, to be served consecutively).

According to the Bureau of Prisons' website, Hunter is currently housed at Montgomery FPC with an anticipated release date of June 28, 2030. *See* https://www.bop.gov/inmateloc/. Through his present filing, Hunter requests a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines. As noted above, the Government opposes the request.

*Analysis and Discussion*

After imposition of a term of imprisonment, courts are limited in their ability to modify the imposed term. *See, e.g., United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). But 18 U.S.C. § 3582(c) provides authorization for courts to do so under certain circumstances, reading in pertinent part as follows:

> **(c) Modification of an imposed term of imprisonment.** -- The court may not modify a term of imprisonment once it has been imposed except that --
>
> . . .
>
> **(2)** in the case of defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Consistent with this statutory language, the Supreme Court has articulated a two-step analysis for courts to follow in determining whether a sentence reduction is appropriate, explaining that courts should (1) determine the defendant's eligibility for sentence modification and what amended guideline range would have been applicable; and (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted under the particular circumstances of the case. *Dillon v. United States*, 560 U.S. 817, 827, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

The Court begins with the first step—eligibility. In Part A to Amendment 821, the Sentencing Commission altered the "status points" provision of the Guidelines, lowering the number of "status points" that apply in certain circumstances. *See* U.S.S.G. § 4A1.1(e). Under the new provision, a person who has seven criminal history points or more now receives one "status point" (compared to two) and a person who has six criminal history points no longer receives any status points. *Id*. A review of Hunter's Presentence Investigation Report [70] establishes that Hunter did not receive any "status points." *See* [70] at p. 13. Thus, Part A is inapplicable.

Part B of Amendment 821 created Guideline Section 4C1.1, which makes eligible for a reduction certain zero-point offenders. *See* U.S.S.G. § 4C1.1. However, the new provision specifically provides that, for eligibility to apply, it must be that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" *Id*. at § 4C1.1(a)(7). Hunter's offense involved possession of a firearm in relation to a drug trafficking crime. He is not eligible for a reduction under this provision.

Hunter's request fails at the first step of the relevant inquiry, as he is not eligible for a sentence reduction under Amendment 821.

*Conclusion*

For the reasons set forth above, Hunter's Motion [81] is DENIED. His sentence will not be modified.

SO ORDERED, this the 5th day of September, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE